ANTHONY ZRAICK, Landlord, *v.* WILLIAM REYES et al., Tenants.

Municipal Court of the City of New York, Borough of Brooklyn, July 20, 1953.

*D. Joseph De Andrea* for landlord.

*Nathan Amchan* for tenants.

FEIDEN, J. This proceeding is brought to evict William Reyes and Angelina Reyes, the tenants herein, on the ground that their occupancy of the parlor floor of the premises involved subjects the landlord to criminal and civil penalties. The building consists of four floors, a basement, parlor floor and two floors above the parlor floor. The legal occupancy of the building is two families.

The records of the department of housing and buildings disclose that on August 11, 1952, the basement was occupied by one family, the parlor floor by the Reyes family (the tenants herein), the third floor by two families and the fourth floor by one family or five families in all. At that time the landlord was officially directed by the department to cure the violation by restoring the occupancy of the building to two families. Six months later, in February, 1953, the records of the department show that all the families had moved with the exception of the Reyes family. However, all the families who had moved had been replaced and in fact an additional family had moved in so that there were then six families in the premises. While the question of good faith is not involved in proceedings of this character (*Franzus* v. *Gardner*, N. Y. L. J., Jan. 18, 1950, p. 219, col. 3; *Wiener* v. *Eastern Parkway Farband Zionist Center*, N. Y. L. J., June 15, 1951, p. 2235, col. 2; *Lipton* v. *Harris*, N. Y. L. J., Feb. 1, 1952, p. 449, col. 3; *Chase Nat. Bank* v. *Weckinger*, N. Y. L. J., June 19, 1953, p. 2065, col. 5) it is obvious that the landlord was making no effort to comply with the law. It is to be noted that the Reyes family's occupancy antedates that of any of the other tenants.

The housing shortage which has existed for about ten years has resulted in the illegal occupancy of many buildings in the city of New York. This shortage has impelled unscrupulous

landlords to embark on a policy of expanding housing accommodations in violation of law. Buildings which have an authorized occupancy of two families in some instances have been used for three, four or even more families. The same condition prevails with respect to three-family houses. As a result the department of housing and buildings has made strenuous efforts to restore buildings to legal occupancy. In order to accommodate additional families, owners of buildings have made alterations and other changes so that there is frequently some uncertainty as to which occupancies are legal and which are not permissible.

Many cases have arisen in this court wherein both the landlords and tenants are uncertain as to which occupant should be removed in order to restore premises to legal occupancy. In many instances frightened tenants with an absolute right to remain are ready to consent to move if they are given sufficient time to do so without taking into consideration the fact that upon the expiration of this period they and their families will be without homes. Haphazard determinations of proceedings of this character may result in great hardship and grave injustice to the families involved. Confusion and uncertainty should be eliminated.

Some of the responsibility for this condition rests with the department of housing and buildings and some with landlords. It is the opinion of the court that in many instances the department can specifically indicate which occupancy or occupancies are illegal. Generally, representatives of the department who appear in court are content to testify that they are not concerned which tenants are removed so long as no more than the lawful number of families remain in the building. This question should not be left a matter of indifference or indefiniteness, for any particular occupancy must be either legal or illegal, and it is the duty of the department to take a definite position wherever possible. The lawful location of kitchen and bathroom fixtures should be proved. In some cases it is difficult for the court to understand how a representative of the department of housing and buildings can adequately express an opinion without this proof.

Attention is directed to the cases of *Chase Nat. Bank* v. *Tawaga* (204 Misc. 246) and *Chase Nat. Bank* v. *Weckinger* (N. Y. L. J., June 19, 1953, p. 2065, col. 5) where the court clearly held that so long as the occupancy did not conform precisely to the certificate of occupancy the tenant must be removed. Those cases involved one building with four floors. At the time of the

filing of the violation a family by the name of Weckinger resided in the basement, another on the parlor floor, one family on the third floor and another on the fourth floor. The certificate of occupancy authorized the use of the parlor floor and basement by one family and the third and fourth floor by roomers. At the time of the trial the occupant of the parlor floor had moved and that floor was vacant. The testimony of the representative of the department of housing and buildings was that the occupancy did not conform to the certificate in that only the basement of the first two floors was rented and occupied and in that two families lived on the third and fourth floors instead of roomers. The Appellate Term upheld this conclusion regardless of the fact that if the families on the third and fourth floors were removed only one family would remain in the entire building.

Occupancy of housing accommodations must be in conformity with the certificate of occupancy. (Multiple Dwelling Law, § 302, subd. 2; *Chase Nat. Bank* v. *Weckinger, supra*; *Chase Nat. Bank* v. *Tawaga, supra*.) To permit a parlor floor and basement apartment (where the certificate requires occupancy by one family) to be occupied only to the extent of one of the floors would enable landlords after violations are removed to immediately thereafter rent the vacant portion to another family unit. It would seem therefore that if a six-room apartment were subdivided into two housing units, both occupancies would be in violation of legal requirements, since following the reasoning of the *Chase Nat. Bank* cases, unless the apartment were rented and occupied in accordance with the certificate, the use of that apartment would be contrary to law. The last tenant to take possession could be the first to be removed (*Hering* v. *Hagelstein*, N. Y. L. J., Dec. 5, 1952, p. 1395, col. 8; *Ruppel* v. *Greenhut*, N. Y. L. J., Dec. 5, 1952, p. 1396, col. 2; *Hinke* v. *Paulsen*, N. Y. L. J., May 23, 1952, p. 2078, col. 3; *Kramer* v. *Balizer*, N. Y. L. J., Oct. 10, 1952, p. 778, col. 7; *Buch* v. *Reich*, N. Y. L. J., Jan. 12, 1948, p. 132, col. 4; *Levengrub* v. *Jacobs*, N. Y. L. J., June 14, 1947, p. 2363, col. 1), but before the remaining tenant is removed, fair dealing might suggest that the landlord afford such remaining tenant an opportunity to use the entire unit. The same reasoning should apply to all units which have illegally been subdivided. It is possible that such remaining family might be the subject of temptation to overreach on the part of some landlords, but that is a matter of remedial legislation or appropriate action by the New York State Temporary Housing Rent Commission inasmuch as the court does not have the authority to compel a landlord to rent the entire unit to the remaining tenant.

Of course, occupancy legal in its inception, cannot thereafter be disturbed regardless of additional tenancies which a landlord may create in the premises or violations which have nothing to do with such occupancy. (*Ruppel* v. *Greenhut, supra*; *Schechter* v. *Osterman,* N. Y. L. J., July 1, 1949, p. 6, col. 5.)

The only evidence of illegal occupancy in this case was the testimony of the representative of the department of housing and buildings who testified that the violation would be removed if the building had only two tenants. Since the Reyes family have resided in the premises longer than any of the other tenants, their occupancy should not be disturbed. The landlord's testimony as to the occupancy of the third and fourth floors is not credited.

Petition dismissed without prejudice to the right of the landlord to proceed against any of the other occupants of the building and without prejudice to the right of the landlord to proceed against the tenants herein upon proper proof.